IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J<span>OSEPH</span> M. H<span>ARVEY</span>,
administrator of the estate of
R<span>ACHEL</span> M. H<span>AMMERS</span>, et al.,

        Plaintiffs,

v.                                       Case No. 14-2188-JTM

M<span>IKE</span> G<span>AUGHAN</span>, <span>ET AL</span>.,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 8 and 12(b)(6). Plaintiffs, the estate and surviving children of Rachel M. Hammers, bring this action under 42 U.S.C. § 1983 and state law against fifteen individuals and entities in connection with Hammers's death while detained at the Douglas County Correctional Facility. Plaintiffs' five-count complaint alleges three counts of Eighth Amendment violations under § 1983 and two counts of wrongful death under Kansas state law.

Defendants raise the following seven issues: (1) plaintiffs failed to comply with Fed. R. Civ. P. 8; (2) plaintiffs failed to state a claim under 42 U.S.C. § 1983 for alleged deprivations of decedent Rachel Hammers's rights under the Eighth Amendment; (3) plaintiffs do not sufficiently identify defendants; (4) plaintiffs' "official capacity" claim fails to state a claim; (5) Defendants, in their individual capacities, enjoy qualified

1

immunity; (6) plaintiffs improperly request punitive damages against the County and individual defendants in their official capacities; and (7) this court should decline to exercise supplemental jurisdiction over plaintiffs' state-law wrongful death claims. Dkt. 18, at 2.

The court finds that plaintiffs have failed to plead a short, plain statement showing they are entitled to relief for the deprivation of Eighth Amendment rights under § 1983 and dismisses those claims without prejudice. Accordingly, the court does not exercise supplemental jurisdiction over the remaining state-law claims and dismisses them without prejudice. Dismissing counts on issues one, two, and seven renders analysis of issues three, four, and five premature.

## I. Background

In accord with the court's obligation to accept as true a plaintiff's alleged facts when determining the sufficiency of a pleading, the following factual background is adopted from the amended complaint.

Decedent Rachel Hammers, an alcoholic prone to binge drinking, was a thirty-two year old resident of Douglas County, Kansas. Dkt. 17, at 20. On Friday, May 11, 2012, she began drinking in the morning and continued to drink until her arrest early that evening. Dkt. 17, at 21. She was booked into the Douglas County Correctional Facility ("DCCF") at 5:57 p.m. but law enforcement neither administered a Breathalyzer test nor screened for risk of alcohol withdrawal or a potential need for detoxification. Dkt. 17, at 21. Her DCCF health record files were not consulted, she was not assessed by

healthcare personnel, and she was placed into the general population of DCCF. Dkt. 17, at 21.

At 9:51 a.m. on Saturday, May 12, 2012, DCCF personnel found Hammers unresponsive and bloodied in her cell. Dkt. 17, at 22. She was transported by ambulance to Lawrence Memorial Hospital, where medical personnel pronounced her dead at 10:46 a.m. Cause of death was attributed to seizure activity related to acute ethanol withdrawal. Dkt. 17, at 22.

The administrator of Hammers's estate, Joseph M. Harvey, filed this case on behalf of the estate and of Hammers's three surviving children. Dkt. 17, at 1. All plaintiffs are domiciled in Douglas County, Kansas. Dkt. 17, at 4. The named defendants are: the Board of County Commissioners of Douglas County, Kansas, in its corporate capacity; Mike Gaughan, Nancy Thellman, and Jim Flory, the three commissioners of the Douglas County Board, in their official capacities; Craig Weinaug, County Administrator of Douglas County, Kansas, in his official and individual capacities; Kenneth M. McGovern, Sheriff of Douglas County, Kansas, in his official and individual capacities; Kenneth L. Massey and Steve Hornberger, Undersheriffs of the Sheriff's Office of Douglas County, Kansas, in their official and individual capacities; Troy Miller, an officer of the Sheriff's Office of Douglas County, Kansas, in his official and individual capacities; Dennis E. Sale, D.O., L.L.C.; Dennis E. Sale, D.O., in his individual capacity and representative capacity as managing member of Dennis E. Sale, D.O., L.L.C.; Douglas County Visiting Nurses Association, Inc. ("VNA"); Judith A. Bellome, Chief Executive Officer of VNA, in her individual and representative capacities;

3

Angelique Lower, Chief Financial Officer of VNA, in her individual and representative capacities; and Eric Huerter, M.D., acting Medical Director of VNA, in his individual and representative capacities. Dkt. 17, at 5-7. All defendants were domiciled at all relevant times in Douglas County, Kansas. Dkt. 17, at 5-7. All defendants were, at all relevant times, involved in the administration or operations of DCCF and its health care practices regarding detainees.

Plaintiffs filed a five-count complaint on April 21, 2014, followed by a five-count amended complaint on June 27, 2014. Dkts. 1; 17. Count I of the amended complaint alleges a violation of Eighth Amendment rights against all defendants for deliberate indifference to Hammers's medical needs and failure to provide medical care and treatment. Dkt. 17, at 25-26. Plaintiffs allege that DCCF medical policies and procedures failed to adequately screen incoming prisoners for alcohol withdrawal risk, evaluate prisoners "who screen positive for alcohol risk," and did not provide adequate clinical intervention and detoxification for prisoners who are at risk for or are experiencing alcohol withdrawal. Dkt. 17, at 27.

Count II an Eighth Amendment violation for failure to train or inadequate training against the Board of Douglas County Commissioners, Gaughan, Thellman, Flory, Weinaug, McGovern, Massey, Hornberger, Sale, L.L.C., Sale, VNA, Bellome, Lower, and Huerter. Dkt. 17, at 34. The claims in Count II relate to conduct alleged in Count I.

Count III alleges another Eighth Amendment violation, i.e., for failure to supervise or inadequate supervision, against the Board of Douglas County

4

Commissioners, Gaughan, Thellman, Flory, Weinaug, Douglas County Sheriff's Office, McGovern, Massey, Hornberber, Sale, L.L.C., Sale, VNA, Bellome, Lower, and Huerter. Dkt. 17, at 41. The claims in Count III relate to conduct alleged in Count I.

Count IV alleges Wrongful Death, pursuant to K.S.A. § 60-1902, against the Board of Douglas County Commissioners, Gaughan, Thellman, Flory, Weinaug, McGovern, Massey, Hornberger, and Miller for their conduct related to Count I. Dkt. 17, at 48. Count V alleges Wrongful Death, pursuant to K.S.A. § 60-1902, against Sale, L.L.C., Sale, VNA, Bellome, Lower, and Huerter for their conduct related to Count I. Dkt. 17, at 55.

Defendants Douglas County, Kansas Board of Commissioners, Gaughan, Thellman, Flory, Weinaug, Massey, McGovern, Hornberger, and Miller filed this Motion to Dismiss on July 11, 2014. Dkt. 18.

## II. Analysis

### *A. Dismissal of Counts I, II, and III*

**1. Rule 8 Pleading Standard**

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation within the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v.*

5

*Twombly*, 550 U.S. 544, 555 (2007). Detailed factual allegations are not required, but the complaint must state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (clarifying and affirming *Twombly*'s probability standard). The allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where a complaint fails to sufficiently plead a plausible claim to relief, the complaint may be dismissed. Fed. R. Civ. P. 12(b)(6).

**2. § 1983 Actions for Eighth Amendment Violations**

Individuals deprived of constitutional rights by persons acting under the color of state law may seek relief though civil action under 42 U.S.C. § 1983. 1983 does not itself provide a substantive right, but is a vehicle for "vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 394 (1989). "To state a valid claim for deprivation of a constitutional right under § 1983 a plaintiff must allege that the defendants acted under color of state law to deprive him of a constitutional right." *Norhtington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). When evaluating a §1983 claim, the court must first identify "which constitutional right is alleged to have been infringed and then judge the validity of the claim 'by reference to the specific standard which governs that right . . . .'" *Id.* (quoting *Graham*, 490 U.S. at 394). Here, plaintiff alleges an infringement of Eighth Amendment constitutional protections.

6

The Eight Amendment prohibits "cruel and unusual punishments." It requires jail officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). "[A] prison official's 'deliberate indifference' to a substantial risk of serious harm" implicates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

However, "pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment . . . ." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002); *accord Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). "[T]he due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner." *County of Sacramento v. Lewis*, 423 U.S. 833, 849-50 (1998). The Eighth Amendment "deliberate indifference" standard is therefore also "enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial." *Id.* Although the fault standard may be the same or similar for an Eighth Amendment violation as for a Due Process violation, it is not the Eighth Amendment itself that provides any protection to a pretrial detainee.

The amended complaint pleads that Hammers was a pretrial detainee. Taken as true, the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, is the source of her protections. The complaint and the amended complaint both clearly base claims for relief on the Eighth Amendment in Counts I, II, and III, but the amended complaint does not assert Due Process rights. The original

7

complaint mentions Due Process rights in one sentence, but not within any count (Dkt. 1, at 3), but it does not appear in the amended complaint. *See* Dkt. 17, at 3. Plaintiffs have plainly stated claims invoking the Eighth Amendment, not the Due Process Clause.

The Eighth Amendment offers no relief because Hammers was a pretrial detainee. A plaintiff must plead the proper constitutional provision to state a valid claim under § 1983. *See Graham*, 490 U.S. at 394; *Chavez v. Board of Cnty. Comm'rs of Sierra Cnty.*, 899 F. Supp. 2d 1163, 1185 (D.N.M.) (citing *Anton v. Guarini*, 2010 WL 5258219, at *4-5 (E.D. Pa. Dec. 22, 2010) and *Northington*, 973 F.2d at 1523 (citing *Graham*, 490 U.S. at 394)). Counts I, II, and III plead an improper constitutional provision and therefore fail to state a claim on which relief can be granted. The court dismisses Counts I, II, and III.

### *B. Dismissal of Counts IV and V for Lack of Subject Matter Jurisdiction*

"The district courts of the United States, as we have said many times, are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation and citation omitted). The two statutory bases for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. Federal courts have original subject matter jurisdiction over these matters. 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction exists for claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its well pleaded complaint establishes either that federal law creates the cause of

action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (internal quotation and citation omitted).

Diversity jurisdiction exists where parties are citizens of different states and the amount in controversy exceeds $75,000. Diversity jurisdiction under § 1332 requires complete diversity of parties; no defendant can be from the same state as any plaintiff. *Exxon Mobil Corp.*, 545 U.S. at 553.

Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over any claims which "form part of the same case or controversy" as those within its original jurisdiction. 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it exercised original subject matter jurisdiction. 28 U.S.C. § 1367(c). Where "federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [supplemental] jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (internal quotation and citation omitted). Supplemental jurisdiction is generally declined in such instances "because '[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Id.* at 1230 (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

Counts IV and V of the complaint contain only state law claims for wrongful death under K.S.A. § 60-1902; they are not subject to federal question jurisdiction. The parties to this case are from Douglas County, Kansas, and plaintiffs have not pled

damages exceeding $75,000. Because they fail to meet the complete diversity and amount in controversy requirements of § 1332, both necessary for diversity jurisdiction, the court can only exercise subject matter jurisdiction over Counts IV and V by supplemental jurisdiction, which is dependent on the federal claims of Counts I, II, and III. The court's dismissal of all federal claims from the complaint requires that it also dismiss Counts IV and V for lack of subject matter jurisdiction. The court therefore dismisses Counts IV and V without prejudice.

IT IS ACCORDINGLY ORDERED this 21st day of October, 2014, that defendants' Motion to Dismiss (Dkt. 18) is GRANTED and plaintiffs' amended complaint (Dkt. 17) is DISMISSED without prejudice.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN,<br>
CHIEF JUDGE